Good morning, Your Honors. Jess LaRona, appearing on behalf of Carlos Marulanda. The first issue I'd like to address was whether or not Mr. Marulanda was, in relationship to his ineffective assistance of counsel claims, whether or not the specific claim regarding his trial counsel's reference to his previous trial, whether that be under Federal Rule of Civil Procedure 15C2. The record indicates that on September 9, 1998, Mr. Marulanda filed a motion for equitable tolling. He was pro se at that time. At the time that he filed the motion, the government then responded to the motion asking him to clarify his issues, and on October 30, 1998, Judge Broomfield, pursuant to a request by Mr. Marulanda, granted him a request to extend time to file his reply, then ultimately on November 2, 1998, he filed a reply. During the interim, Magistrate Anderson of the District Court rendered some orders granting Mr. Marulanda time to supplement or amend his 2255 claims. In other words, Judge Anderson at that point was looking at that motion for equitable tolling as a 2255 motion, treating it as such, and basically said you could supersede any and all claims that you're going to file now are superseded. He did that twice. Did you understand those orders to mean that you could add additional grounds? Because it is a little confusing what he was saying in terms of the orders saying, yes, but I want all of your grounds to be put into each of those superseding 2255s. And that's part of our argument, Your Honor, is that, in fact, it was confusing because the language that he uses, I mean, it's pretty clear. He says it several times. One, you know, he says, for example, movement must include all of his claims in the amended 2255 motion which will supersede all previously filed motions. I mean, that's an indication to Mr. Marulanda whose pros say that now I'm allowing you to file another amended motion or successive motion, however you want to entitle it, that's basically saying this motion now that you're filing must include any and all claims that you have. And granted, the Maley v. Felix case says it doesn't matter. It doesn't matter what Judge Magistrate Anderson said. It doesn't matter that he allowed him to amend. And I agree with the premise of that case. But the problem here is the Castro case comes in and says, well, you know, if they're going to characterize or recharacterize this 2255 motion or this motion for equitable tolling as a 2255 motion, they need to let Mr. Marulanda know. Judge Broomfield had the opportunity on October 30th in 1998 to let Mr. Marulanda know, hey, we're going to look at your motion for equitable tolling as a 2255 motion, so therefore you should amend and clarify and supplement and add whatever you want, including the claims, all of the facts, every single solitary basis that you have under 2255, and supplement that time. But it wasn't done. Well, Mr. Marulanda, it seems to me you're saying things weren't done by the magistrate of the district court, but we're trying to find out what the law is. And I really think you're in a very difficult bind. If that original motion is taken as a 2255 motion, it should have been If it's not a 2255 motion, you're barred by the statute of limitations. So either way, you lose. And you cite what Judge Broomfield might have done or the magistrate might have done, but we're just trying to follow what the rules are. Right. And there's a case, a Miles case. I'm submitting to the Court, look, it took Magistrate Anderson four years to rule on Mr. Marulanda's motion for equitable tolling. What difference does that make? Pardon? What difference does that make? It matters because no action was taken. In other words, that case — No action was taken, but if he's missed the deadline, if the statute already buys him, he could have taken 10 years and it wouldn't make any difference. I disagree with you, Your Honor. I submit that the case — The statute of limitations runs after one year. Correct. If the statute is run, whatever the magistrate does makes no difference. But Castro says that in order for it to run, the Court had to warn Mr. Marulanda that it was going to characterize that motion for equitable tolling as a 2255 motion. Well, if it's characterized as a 2255, then it has to have all the claims at that moment. Right. So then it doesn't. Right. The Court did not characterize it as a 2255 motion until such time as Magistrate Anderson made his first order relative to that motion for equitable tolling. That was then four years later. But you now take the position it was a 2255 motion at the start, and it didn't include all the claims. No. I'm taking the position that the Court took, the Court argued. The Court doesn't argue. Okay. Judge Broomfield and Judge Anderson both characterized Mr. Marulanda's September 9th, 1988 motion for equitable tolling as a 2255 motion. Well, I know they did that. And once you find that's the case, then you're stuck with the fact that you would have had all its claims in it. Right. And I'm asking the Court not to find that it was a 2255 motion and to allow Mr. Marulanda's claim to go forward. Well, then if it's not a 2255 motion, don't you understand, then the statute of limitations ran a long time ago. It wouldn't have run if in fact Castro wasn't complied with and the Court did not advise Mr. Marulanda that it was a 2255 motion. That meant then his supplemental amendments, his supplemental petitions would in fact be valid. At that time they would have been timely? Under Castro, yes. All right. Let me just ask you, because if you want to save a couple of time for rebuttal minutes, we're using your time. On the merits, didn't Judge Broomfield reach the merits? In essence, both Magistrate Anderson and Judge Broomfield basically said, look, I'm making a determination that your claim is untimely, but I'm going to still make a determination on the merits. And the Court did in fact make a determination on the merits. But let's just assume, arguendo, that you're right on the timeliness issue. And if we reach, if we look at the merits, which we can, because there was a ruling on the merits, too, what's wrong with that? Why was there ineffective assistance of counsel? It was ineffective assistance of counsel, Judge, because during the course of the trial, even the government was concerned about the conduct of defense counsel and repeatedly referring to Mr. Marillona's previous trial. Judge Broomfield on the record stated that he was surprised by the conduct of trial counsel during the pendency of the trial. In fact, Judge Broomfield stated on the record, hey, the bell's been rung. I can't unring it at this point. I can't ask her to take a different course or argue something different because the trial has gone too far. My point is, is that the district court warned counsel to refrain from referring to the previous trial, even suggested to her other alternatives for presenting that testimony. And even after being warned, she 156 times during the trial referred to the previous trial. The government was concerned. Well, didn't the district court essentially conclude that she was attempting to impeach the government's witness with testimony in the prior trial? In fact, the government Practical decision. Well And that may not be, you know, the one that everybody would have chosen her, but that's what she did. Right. In fact, counsel went on to say, hey, it's not trial strategy. I'm doing this on purpose. You know, I'm not doing this as a matter of, you know, which I thought was pretty strange, but she said not trial strategy. I mean, this is done intentionally on my part because I see of no other way to do it. But the court went to great lengths to try to tell her, yes, there is another way you can do this other than bringing it out. And Mr. Lacey It was still her concern that she wanted to emphasize the trial so the jury didn't get the impression there were prior convictions or that there were some other proceedings which could have even created even greater prejudice. Correct. But even Mr. Lacey, the government's lawyer at the time, acknowledged that what you're doing here is you're allowing the jury to speculate. And we're not supposed to permit the jury to be told not to speculate about any fact or any issue. And here we had an issue that was interjected repeatedly, not just once, not just twice, 163 times. How did this hurt him on the basis of the record? What prejudice is there? Because of the fact that even, like I said, once again, the government and the court was concerned about the conduct because of the fact that it could cause the jury to speculate. And that's the theme that Mr. Marillon is concerned about. But isn't the flip side, the jury could have speculated that he had been convicted in other cases and all of this prior testimony was coming out of other cases that went against him and a choice was made. And there's really very little in the record to suggest how this was prejudicial. I do agree with you. There was a lot of concern about it at the trial. Right. I can't disagree with Your Honor. All right. But here we have the whole record. Correct. Thank you. Thank you. You have a couple of seconds. We'll give you 30. Four seconds. We'll give you a minute on rebuttal. Thank you. Good morning, Your Honor. May it please the Court, Elizabeth Berenger, Assistant U.S. Attorney on behalf of the United States. The district court correctly found that the defendant's ineffective assistance claim at issue in this case fell outside the statute of limitations and did not relate back to the defendant's timely file 2255 motion. Here the defendant first raised this ineffective assistance of claim five years after his conviction became final, four years after a DEPA had been passed, and two years after the equitably told statute of limitation had run. I'm a little concerned, as was already mentioned, but I'm a little concerned with the magistrate continually issuing orders saying, well, you're going to get another shot. I want all of your grounds in that. So what do you do with that in conjunction with Castro? Well, there's a few answers to that. First, Castro is clearly distinguishable. In that case, the defendant had filed a motion for a new trial, and the court had construed it as a 2255 petition. So it was to the defendant's detriment that the second successive petition rule was applied. In this case, the magistrate was actually benefiting the defendant, because if it hadn't construed it as a 2255 motion, he would have completely missed the statute of limitations, just as Judge Noonan noted. So it wasn't to his detriment. It was to his benefit. The point from the defense that he might not have understood that he was now in the 2255 range, as opposed to what he initially filed when the court chose to change it or to construe it as a 2255. Well, there are several instances in the record where the defendant actually conceded that it was a 2255 motion. First, at the hearing in September 6, 2002, there was a hearing on the equitable tolling issue, and the defendant argued that it was a motion, a 2255 motion, because he wanted to fit it within that one-year tolled statute of limitations. And the court actually noted this on SCR 158. Movement contends that the 2255 motion filed on September 9, 1998, was timely. The defendant actually labeled his next 2255 motion an amended 2255 motion, which shows that he concedes that the first one was a 2255 motion. Everyone --- At least that he understood it to be, right. Exactly. And I think that the Supreme Court in Mail v. Phoenix acknowledged that there's going to be some difficulties with pro ses not necessarily understanding exactly what's going on. However, if I could just read this, it said, the government need not equalize economic conditions between criminal defendants of lesser and greater wealth. And that's in footnote 8. So the concern is understandable that he might have been a little confused, but merely because the magistrate court was consolidating all of the confusing and repetitious motions doesn't mean that the statute of limitations was told or that he was allowing him to add new claims. Merely he was allowing him to clarify his old claims with the assistance of counsel, much like the Eighth Circuit decided in Hernandez. In this original timely filed motion, the defendant did not allege that his counsel was ineffective because she mentioned his prior trial during his retrial, even in the reply brief this was true. And even if this court were to find that the claim was a timely claim, the record reflects that the mention of the defendant's prior trial was a strategic decision. And also I just want the court to know that this was a very strong case against the defendant. We had two co-defendants who pled guilty and testified at trial against the defendant. There were taped phone conversations played at trial for the jury where the defendant implicated himself. Two undercover DEA agents who were aware of the entire transaction both testified at trial and they arrested the defendant with $1 million in his possession. And they also ---- They had him on Dateline TV, right? Yeah. So this was a pretty strong case. There isn't any prejudice, much as Judge Tovelli noted, that there wasn't any ---- the jury didn't know what was going on. All they knew that there had been a prior trial. There's nothing in the record that shows there's any decision as what had happened at that prior trial. If there aren't any further questions of me, I would just ask that the judgment be affirmed in this case. Thank you. Mr. LaRona, very briefly. Very briefly. The magistrate's order said that Mr. Marilonda had until December 8, 1998, to file his 2255 petition. Judge Greenfield's order said that he had one year from December 8, 1998, to file his petition. The reason I bring that up is even the magistrate judge and the district court judge were confused as to the time limitation that Mr. Marilonda had under the AEDPA. And under Miles v. Prunty, I submit to the Court that this is an extraordinary circumstance. I mean, it took the Court four years to rule on his motion for equitable tolling. Thank you. Thank you. Thank you. The case just argued is submitted for decision. The next case on the calendar, United States v. Rodriguez-Claras, is ---- The next case on the calendar is ----
judges: Schroeder, Noonan, Schiavelli